## McEWEN et al. v. VOLLENTINE.

No. 8212—Opinion Filed Jan. 8, 1918.

Rehearing Denied Feb. 5, 1918.

(170 Pac. 490.)

### 1. Brokers — Service — Judgment — Evidence.

Evidence in the instant case as set forth in the opinion examined, and held sufficient to sustain the verdict of the jury and the judgment of the court.

### 2. Frauds, Statute of — Purchase of Stock —Assumption of Debts.

The agreement of the purchaser of capital stock of a corporation with stockholders from whom such stock is purchased to assume as part of the consideration for the stock transferred the payment of debts of the corporation is not invalid under the statute of frauds.

### 3. Same—Promise to Pay Debt of Another —Application of Statute.

That part of the statute of frauds set forth in paragraph 2, §941, Rev. Laws 1910, rendering invalid "a special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty," has no application when a consideration passes to the promisor · for such promise or when the contract has been fully executed by all the parties thereto.

### 4. Brokers—Service — Compensation — Evidence.

When an agent is employed to buy property for another, and the amount of the compensation is not fixed by the contract of employment, such agent is entitled to reasonable compensation for services performed under the contract, and, in case an action is brought to recover same, the jury, in assessing the amount of the recovery, may take into consideration the testimony of competent witnesses as to the value of such services, also the nature and character of the transaction, the nature and character of the property involved, the consideration paid for the property, and the character of the services rendered.

### 5. Same.

In case an agent is employed to purchase stock in a corporation for another, and there is evidence to show that, as a part of the consideration agreed upon for the transfer of such stock, the purchaser assumed and paid the debts of the corporation, the jury may consider the amount of the debts so assumed and paid as one of the ·elements in estimating the value of the agent's services.

### 6. Appeal and Error—Right to Allege Error—Instructions.

If the trial court has correctly charged the jury as to the issues in a case, and, at the instance of one of the parties, an erroneous instruction is given which is contradictory to other instructions correctly stated, such party cannot complain because the instruction given at his instance conflicts with such other instructions.

(Syllabus by Stewart, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by John R. Vollentine, as plaintiff, against J. H. McEwen and W. M. Hew-

itt, as defendants. Judgment for plaintiff, and defendants bring error. Affirmed.

Gregg & Martin and C. W. Holbrook, for plaintiffs in error.

Joe S. Eaton, McCrory & Johns, and Hugh Murphy, for defendant in error.

Opinion by STEWART, C. From the allegations in the petition it appears that the defendants engaged the plaintiff to obtain for them by purchase the possession and controlling interest in the capital stock of two certain oil corporations situated in, Okmulgee county, agreeing to pay the plaintiff a reasonable compensation for such services. The plaintiff alleges that he fully performed such services according to contract, and that the reasonable value thereof was $1.000, and prayed for judgment of $875, balance due after allowing credit for $125 paid. The defendant answered by general denial, and the cause was tried before a jury, resulting in a verdict and judgment for the plaintiff in the sum of $650, from which judgment appeal has been duly lodged in this court.

The assignments of error urged in the brief of defendants relate to the instructions of the court and to the sufficiency of the evidence to sustain the verdict. There is evidence to show that the plaintiff undertook to purchase and did purchase for the defendants a majority of the capital stock in each of such corporations, the same being acquired from small stockholders residing in different sections of the state; that two months' time was required in order to complete all of the negotiations and procure proper transfers of stock to the defendants; that the stock in one of the corporations was purchased at 12½ cents and in the other corporation at 37½ cents per share, the shares being each of the face value of $1; that, in order to procure the proper transfers, the holders of the stock transferred required that the defendants should pay as part of the consideration, in addition to the amount named, the debts of the corporation amounting to about $9,-000, to which the defendants agreed; that the shares of stock were duly transferred to the defendants and the defendants paid the consideration agreed upon, incuding the indebtedness of the corporation; that the stock so obtained was worth about $15,000. Several witnesses were introduced who qualified as to competency and testified as to the reasonable value of the services performed, the value thereof ranging, according to such testimony, from $800 to $1.200. The record presents some conflict, but there is sufficient evidence to sustain the verdict of the jury.

The defendant contends, however, that the court erred in instructing that, unless it appeared to the satisfaction of the jury that the property purchased represented in value at least $15,000, the testimony of two witnesses named as to the value of the services should not be considered. This instruction was given by the court because of the fact that, in the hypothetical questions propounded to such witness the property was assumed to be of the value of $15,000. There was evidence, though conflicting, to prove that the property was of such value, and certainly the defendants cannot be heard to complain because of the fact that the court instructed the jury not to consider the tesimony of such winesses, unless the jury found the value of the property purchased to be that assumed in the hypothetical question propounded. This instruction was favorable to the defendants.

The defendants also complain because the court instructed the jury that, in estimating what was a fair and reasonable compensation, the jury might take into consideration the nature and character of the transaction, the nature and character of the stock and properties involved, including the value of the property purchased, and the amount representing the consideration therefor together with the character of the services rendered. In the instruction complained of the court authorized the jury to consider such matters only in the event that it should be found that there was no contract or agreement fixing the amount of compensation. We think there was no error in such instruction.

But the defendants further complain because the court instructed the jury that, if they believed from the evidence that the defendants agreed to assume all the outstanding indebtedness against the respective companies mentioned in the petition as a part of the purchase price or consideration for the stock purchased, and that such was agreed upon, and also considered by said defendants in negotiating for and completing the purchase of stocks involved, the jury might take into consideration the amount or amounts of the debts assumed by the defendants in estimating the value of plaintiff's services. The defendants call attention to that part of the statute of frauds found in paragraph 2, § 941, Rev. Laws 1910, which renders invalid "a special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty." The statute of frauds has no application to the facts in the present case. There could be more than one reason given why such

statute does not apply, but a complete answer to the suggestion of defendants lies in the fact that the evidence shows that the contract was fully executed, the stock being transferred, the consideration paid, and the corporate indebtedness discharged. There is no reason why one person may not accept as a consideration for the transfer of property the payment of obligations owing by another. It is not within the purview of the statute of frauds to prevent such a contract.

There were other instructions objected to along the same line, but we do not find that the defendants suffered prejudice because of any of such instructions, and, while the court's instructions are more voluminous, and more extended than necessary, yet, as a whole, they fairly charge the law of the case. The defendants, however, urge that the following instructions given at the instance of the defendants and excepted to by the plaintiff is in conflict with the other instructions as to the means of arriving at the reasonable value of the services performed, to wit:

"You are instructed that the plaintiff alleges in his petition that the capital stock of the New Year's Oil Company was purchased at a price of 12 1-2 cents per share, and the capital stock of the Myrton Oil Company at 37 1-2 cents per share. By these allegations plaintiff is bound as to the value of said capital stock, and for the purpose of this action you will consider the value of the New Year's Oil Company, purchased by plaintiff, at 12½ cents per share and multiply that by the number of shares you may find to have been purchased by plaintiff in order to arrive at the value of the stock purchased by plaintiff in said New Year's Oil Company; and you will consider the value of the stock of the Myrton Oil Company purchased by plaintiff at 37 1-2 cents a share, and multiply that by the number of shares you may find to have been purchased by plaintiff in order to arrive at the value of the stock purchased by plaintiff in said Myrton Oil Company."

Under the evidence we think that the court was in error in giving the instruction quoted but it was not error of which the defendant may complain. There was evidence in the case to support the other instructions given by the court as to the manner of arriving at the reasonable value of the services performed; such evidence tending to show that the payment of the debts of the corporation by the defendants was a part of the consideration paid for the stock purchased. The court did not err in submitting such issue for the purpose defined in the instructions. It is true that the last-named instruction is, to some extent, contradictory to others given. The defendants, however, having urged the giving of the same, cannot complain, and, if the same was error, such error was prejudicial to the plaintiff, and not to the defendants.

We may add that the evidence shows that the arrangements made between plaintiff and defendants was for the plaintiff to buy the stock as cheaply as possible, as appears in the following quotation from a letter introduced in evidence, written by the defendant Hewett to the plaintiff:

"The cheaper we get it, the more we can afford to pay you. So you are working for yourself as much as for us."

The defendants do not contend that the verdict was excessive, and, if it is true, as there is evidence to show, that property worth $15,000 was acquired by defendants for $10,000 or $11,000 through the efforts of plaintiff, the amount recovered is not unreasonable in view of all of the testimony.

The defendants not having called this court's attention to any reversible error, the judgment is affirmed.

By the Court: It is so ordered.